[Cite as *State v. Boyd*, 2018-Ohio-4790.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | | Hon. Patricia A. Delane, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| JACKIE L. BOYD | : | | Case No. 2018 AP 05 0023 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas, Case No. 2017 CR 08 0197

JUDGMENT:          Affirmed

DATE OF JUDGMENT:          November 29, 2018

APPEARANCES:

For Plaintiff-Appellee

AMANDA K. MILLER
Assistant Prosecuting Attorney
125 East High Street
New Philadelphia, OH  44663

For Defendant-Appellant

DONOVAN HILL
116 Cleveland Avenue North
Canton, OH  44702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Jackie L. Boyd appeals the May 18, 2018 judgment of conviction and sentence of the Court of Common Pleas Tuscarawas County, Ohio. Plaintiff-Appellee is the state of Ohio.

Procedural History

{¶ 2}   A recitation of the underlying facts is not necessary to our resolution of this matter.

{¶ 3}   On September 29, 2017, the Tuscarawas County Grand Jury returned an indictment charging appellant with one count of theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree, and one count of breaking and entering in violation of R.C. 2911.13(A) and (C), also a felony of the fifth degree. In October, 2017, appellant entered pleas of not guilty to the charges. The matter was set for trial on May 1, 2018.

{¶ 4}   In April, 2018, the state amended the indictment, dismissing count two of the indictment, breaking and entering. On the day of trial, appellant elected to plead guilty to the remaining charge of theft, waive a presentence investigation, and proceed directly to sentencing.

{¶ 5}   During sentencing, the trial court noted appellant's lengthy criminal history, eight prior prison commitments during which he failed to comply with prison rules, the fact that he never reported to his parole officer following his last prison commitment, and the fact that he committed not only this offense while on post-release control, but also additional offenses in Muskingum County. After making the appropriate findings, the trial court sentenced appellant to 12 months incarceration and imposed the balance of appellant's post-release control (PRC) time– 852 days – to be served consecutively.

{¶ 6}   Appellant now brings this appeal raising one assignment of error:

I

{¶ 7}   "APPELLANT'S SENTENCE WAS CONTRARY TO LAW."

{¶ 8}   In his sole assignment of error, appellant argues his sentence is contrary to law because the trial court improperly imposed consecutive sentences disproportionate to his conduct against the dictates of to R.C 2929.14(C)(4). We note, that R.C. 2929.14(C)(4) is inapplicable here as this matter does not involve consecutive sentences imposed for the instant charges. Appellant pled to and was sentenced on only one count of the indictment. Appellant's argument, rather, involves the imposition of the additional consecutive 852 days imposed by the trial court for appellant's violation of his post-PRC which appellant argues is excessive for stealing cigarettes. We disagree.

{¶ 9}   R.C. 2929.141 grants trial courts discretion to further punish defendants who commit new felonies while on post-release control, and provides, in relevant part:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:
>
> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period

of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶ 10} Thus while the trial court has discretion as to whether to impose the balance of a term of PRC, it has no discretion as to how it shall be served, and must impose remaining PRC time consecutive to time imposed on a new felony.

{¶ 11} Appellant does not raise any irregularity in his plea, the trial court's finding of guilt, his underlying 12-month sentence for theft, the calculation of his remaining time on PRC or the authority of the trial court to revoke his PRC. Nor does he raise any irregularity in the matter which resulted in his placement on PRC. Rather, he argues his aggregate sentence is disproportionate to his crime.

{¶ 12} As the state points out, however, appellant's time remaining on PRC is part of a previous sentence on a different matter. According to the record, the trial court exercised its discretion and imposed appellant's remaining PRC time due to his commission of a new crime in the instant matter as well as in Muskingum County while on PRC, his atrocious prior record, and his failure to respond

favorably to eight previously imposed prison terms. Transcript of sentencing 8-9. Based on the foregoing, we find no abuse of discretion in the trial court's imposition of appellant's PRC time, to be served consecutively to the 12 months imposed for his new felony offense.

{¶ 13} The sole assignment of error is overruled.

{¶ 14} The judgment of the Court of Common Pleas, Tuscarawas County, Ohio is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/rw